**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS** **CR No. 05-134 T**

**THINH CAO**

**MOTION FOR 404 DISCLOSURE**

Now comes the defendant, Thinh Cao, in the above-entitled cause pursuant to Rule of Evidence 404 (b) and moves for the disclosure of any 404 (b) evidence which the government intends to use at trial.

Respectfully submitted,
Thinh Cao,
By his Attorney,

John F. Cicilline, Esquire #0433
381 Atwells Avenue
Providence, RI 02907
Office (401) 273-5600
Fax (401) 454-5600
Cicilline387@Aol.com

**CERTIFICATION**

I, the undersigned hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 9th day of February, 2006.

**DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**V.** **CR No. 05-134 T**

**THINH CAO**

**MEMORANDUM IN SUPPORT OF 404 DISCLOSURE**

Fed Rules of Evidence, Rule 404 (b) allows for the admission into evidence of "other crimes, wrongs or acts…," subject to establishing a predicate nexus between those acts and the evidence in the case. United States v. Rivera-Ortiz, 876 F.2d 209 (1st Cir. 1989). Since this evidence, if it exists, would require the Defendant to defend against uncharged criminal conduct, the Government must disclose its intent and the nature of such evidence, so that no due process violation would surface.

In United States v. Foskey, 636 F.2d 517 (D.C. 1980) the Court held:

"…that in future cases, the Government (should) exercise its discretion, given it by Fed. R.C.P. 12(d)(1) and notify the defense before trial of its intention to introduce any evidence of prior bad acts.." See also, United States v. Jackson, 621 F.2d 216 (5th Cir. 1980). While Rule 404 is silent on when and how the admissibility of other crimes, wrongs or acts are to be determined, case law has clearly indicated that the more expeditious practice is that both pre trial disclosure and ruling as to admissibility should be had. See United States v. Capo, 595 F.2d 1086 (5th Cir. 1979); United States v. O'Conner, 580 F.2d 38 (2d Cir. 1978); United States v. Armstrong, 621 F.2d 951 (9th Cir. 1980).

In the instant case, because the Government cannot demonstrate any reason not to

disclose its intent to use such evidence (if any). This Court, therefore should require such disclosure to facilitate an orderly and expeditious trial.

Respectfully submitted,
Thinh Cao,
By his Attorney,

John F. Cicilline, Esquire #0433
381 Atwells Avenue
Providence, RI 02909
Office 401-273-5600
Fax 401-454-5600
Cicilline387@Aol.com

**CERTIFICATION**

I, the undersigned hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 9th day of February, 2006.