**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR No. 05-134 T**

**THINH CAO**

**MOTION TO PRODUCE EXCULPATORY EVIDENCE**

Defendant Thinh Cao, by and through his counsel, respectfully moves that the Court order the prosecution, pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution, Brady v. Maryland, 373 U.S. 83 (1963), Giles v. Maryland, 386 U.S. 66 (1967), Giglio v. United States, 405 U.S. 150 (1972), United States v. Agurs, 427 U.S. 97 (1976), and Kyles v. Whitely, 514 US 419 (1995); United States v. Brimage, 115 773 3C (1st Cir. 1997), to disclose any exculpatory evidence, which is within the possession, custody or control of the government, or the existence of which is known or by the exercise of due diligence could become known to the prosecution.

Respectfully submitted,
Thinh Cao,
By his Attorney,

John F. Cicilline, Esquire #0433
387 Atwells Avenue
Providence, RI 02909
Office (401) 273-5600
Fax (401) 454-5600
Cicilline387@aol.com

**CERTIFICATION**

I, the undersigned, hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 9th day of February, 2006..

Raquel Gil

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**V.** **CR No. 05-134 T**

**THINH CAO**

## MEMORANDUM IN SUPPORT OF MOTION FOR EXCULPATORY EVIDENCE

The Government, whether or not it is acting in good faith may not withhold evidence favorable to an accused where the evidence is material either to guilt or punishment. Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 US 97; (1976). See, also, Kyles v. Whitley, 514 US 419 (1995); Mooney v. Holohan, 294 U. S. 103 (1935); Pyle v. Kansas, 317 U.S. 213 (1942); United States v. Perkins, 926 F.2d 1271 (1st Cir. 1991).

This requirement encompasses information which bears upon the credibility of its witnesses as well as matters more directly material to guilt or innocence. Napue v. Illinois, 360 U.S. 264 (1959); Giglio v. United States, 405 U.S. 150 (1972); United States v. Rosario-Peralta, 199 F.3d 552 (1st Cir. 1999). As stated by the Supreme Court in Napue v. Illinois, supra, 360 U.S. at 269;

> The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.

Id.

Moreover, in this federal prosecution, the Court's supervisory responsibility to safeguard the correct administration of justice in the Federal Courts makes disclosure a

product of due process. Strickler v. Green, 527 US 263 (1979); United States v. Lanoue, 71 F.3d 996 (1st Cir. 1995); United States v. Consolidated Laundrius, Corp., 291 F.2d 563, 571 (2d Cir.1961); United States v. Miller, 411 F.2d 825, 832 (2d Cir. 1969). See generally, Communist Party of the United States v. S.A.C.B., 351 U.S. 115, 124 (1956). See also United States v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987) (trial court's pre-trial order to disclose promises, reward and inducements not abuse of discretion).

Furthermore, disclosure of information impeaching a witness' credibility must be timed to enable effective preparation for trial. United States v. Lanoue, 71 F.3d 996 (1st Cir. 1995); United States v. Arboleda, 929 F.2d 858 (1st Cir. 1991); United States v. Drougas, 748 F.2d 8 (1stCir. 1984); United States v. Peters, 732 F.2d 1004 (1st Cir. 1984); United States v. Polisi, 416 F.2d 573, 578 (2nd Cir. 1969); United States v. Baxter, 492 F.2d 150, 173-174 (9th Cir. 1973), cert. denied, 416 U.S. 940 (1974). As pointed out in United States v. Pollack, 534 F.2d 964, 973 (D.C. Cir. 1978) (Lumbard, Jr., sitting by designation):

> Disclosure by the Government must be made at such a time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criterion required pre-trial disclosure, See e.g., United States v. Elmore, 423 F.2d 775, 779 (4th Cir. 1970); United States v. Deutsch, 373 F. Supp. 289, 290-91 (S.D.N.Y. 1974).

In Drougas, the First Circuit noted that "evidence relating to impeachment of prosecution witnesses and immunity or other preferential treatment given to prosecution witnesses is deemed to be exculpatory within the meaning of the Brady rule." (citing Giglio v. United States, 405 US 150 and United States v. Peters, 732 F.2d at 1008).

In United States v. Ingraldi, 793 F.2d 408 (1st Cir. 1986), the Court also noted that where the defendant has made a specific pretrial request for exculpatory information,

reversal is required if non-disclosure "might have affected the outcome of the trial" (citing United States v. Agurs, 427 US 97; United States v. Drougas, 748 F.2d 8; United States v. Peters, 732 F.2d 1004 (1st Cir. 1984).

The burden to produce material evidence favorable to the accused is clearly on the prosecution. The prosecution is held responsible for the disclosure of such evidence whether it is possessed by the prosecutor himself or by another Government entity. See United States v. Deutsch, 475 F.2d 55 (5th Cir. 1973). The scope of disclosure is very broad and includes "any material fact" which "may effect" the determination of guilt or innocence of the defendant. United States v. Del Toro Soto, 676 F.2d 13 (1st Cir. 1982); United States v. DeVoe, 489 F.2d 158 (5th Cir. 1974). Materials which may lead to other evidence or which are "merely impeaching" of the Government's witnesses must also be disclosed. United States v. Neal, 36 F.3d 1190 (1st Cir. 1994); United States v. Almad, 53 F.R.D. 186(D. Pa. 1971); United States v. Morell, 524 F.2d 550 (2nd Cir. 1975).

It has been held, in appropriate circumstances, that the Court has the inherent power to compel disclosure of the names and criminal records of Government witnesses. United States v. Claudio, 44 F3d 10 (1st Cir. 1995); United States v. Rogers, 549 F.2d 490, 494 (8th Cir. 1976). United States v. Cannone, 528 F.2d 296, 300 (2nd Cir. 1975); United States v Jackson, 508 F.2d 1001, 1006-7 (7th Cir. 1975); United States v. Richter, 488 F.2d 170, 173-75 (9th Cir. 1973). In determining what evidence is favorable to an accused and material to guilt or punishment, the only course to be followed by a prudent prosecutor is to supply any evidence which is even arguably favorable to the defendant. The fact that such disclosure may be burdensome to supply is no excuse. See United State v. Rosario-Peralta, 175 F2d 48 (1st Cir. 1999); United States v. Countryside Farms, Inc., 428 F. Supp.

1150 (D. Utah 1977). The Government must always resolve any doubts it has about the exculpatory nature of items in favor of the accused. See, United States v. Perkins, 383 F. Supp. 922 (N.D. Ohio 1974).

The prosecutor normally has a strong obligation under Brady by which he must be diligent to see to it that full disclosure is made at trial of whatever may be in this possession which bears in any material degree on the charge for which a Defendant is tried. United State v. Alvarez, 987 F.2d 77 (1st Cir. 1993); United States v. Zborowski, 272 F.2d 661 (2nd Cir. 1959). His obligation of disclosure transcends the area of information narrowly in his possession and extends to favorable evidence possessed by sister agencies, see, e.g., Giglio v. United States, supra.

Based upon the foregoing arguments and authorities, Defendant respectfully requests that this Honorable Court direct the Government to disclose and produce all exculpatory or impeaching evidence to the Defendant, and to disclose the names and criminal records of all Government witnesses and the substance of agreements reached between the government and those witnesses.

Respectfully submitted,
Thinh Cao,
By his Attorney,

John F. Cicilline, Esquire #0433
381 Atwells Avenue
Providence, RI 02909
Office (401)-273-5600
Fax (401)-454-5600
Cicilline387@Aol.com

**CERTIFICATION**

I, the undersigned, hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 9th day of February, 2006..

Raquel [signature]