**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR NO. 05-134 T**

**THINH CAO**

# MOTION IN LIMINE

Now comes the defendant in the above entitled cause pursuant to Rules 602 of the Rules of Evidence and moves in limine to preclude the witness Thom Thi Tong from testifying that he thought the defendant had a gun in his waistband but was not sure. (See page 8 of the Grand Jury testimony of Brian Womble)

Respectfully submitted,
Thinh Cao,
By his Attorney,

John F. Cicilline, Esquire #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273.5600
Fax 401 454.5600
Cicilline387@aol.com

# CERTIFICATION

I, the undersigned, hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 9th day of February, 2006..

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR NO. 05-134 T**

**THINH CAO**

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

Rule 602 of the Federal Rules of Evidence prohibits a witness from testifying to a matter about which he has no personal knowledge. As the notes to the rule report; a witness, who testifies to a fact which can be perceived by the senses, must have had an opportunity to observe and must have actually observed the fact about which he proposes to testify. United States v. Brown, 548 F.2d 1194 (5th Cir. 1977); Barnett v. Aetna Life Ins. Co., 139 F.2d 483 (3rd Cir 1943).

In United States v. Ramirez, 871 F.2d 582 (6th Cir. 1989) the defendant sought to exclude a witness because the witness was a cocaine abuser. The court distinguished the concepts of "status" and "ability" and acknowledged that an argument could be constructed that a person might be impaired to the point that he would not able to satisfy the personal knowledge requirement of Rule 602. However on the record that was established in the District Court, the Circuit held that the issue of drug use should be left to cross examination and to the discretion of the District Court.

That situation is different than the case here, where the witness initially said that the object he saw may have been a gun and then later changed his testimony to fit the description of a machete that was found in the trunk of a car occupied by the defendant.

The personal observation objective is obscured if the witness is permitted to speculate about what he may have seen.

Rule 602 clearly places on the proponent of the testimony the initial burden of showing that the testimony represents the witness' personal knowledge. United States v. Davis, 792 F.2d 1299 (5th Cir. 1986); United States v. Marshall, 762 F.2d 419 (5th Cir. 1985).

In United States v. Santana, 342 F.3d 60 (1st Cir. 2003) the defendant objected to the courts ruling that permitted a DEA agent to testify that he could smell marijuana during the search of a home.

The Court of Appeals sustained the trial court and said: "It is axiomatic that a witness may testify as to his personal knowledge ….." [Citing Federal Rules of Evidence 602; and Sheek v. Asia Badger Inc., 235 F.3d 687 (1st Cir. 2000)]

The decisions in Santana and Sheek identify personal knowledge as including, inferences and opinions which are grounded on personal observation and experience. See also United States v. Rodriguez, 162 F.3d 135 (1Cir. 1998); United States v. Neal, 36 F.3d 1190 (1st Cir. 1994). Personal observation and experience involves something more than a guess or speculation. United States v. Rodriguez, at 144 (evidence is inadmissible under Rule 602 if the witness could not have actually perceived or observed that which he testifies to); accord United States v. Neal, at 1206.

The witness Thom Thi Tong should not be permitted to testify on the subject matter objected to because he did not make an observation which he can accurately report. Thus, he has no personal knowledge.

Respectfully submitted,
Thinh Cao,
By his Attorney,

John F. Cicilline, Esquire #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273.5600
Fax 401 454.5600
Cicilline387@aol.com

## CERTIFICATION

I, the undersigned, hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 9th day of February, 2006..