**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR NO. 05-134 T**

**THINH CAO**

**MOTION TO SUPPRESS STATEMENTS OF THE DEFENDANT**

Now comes the defendant in the above-entitled cause and moves to suppress any and all statements alleged to have been made by the defendant and for reason says that they were procured in violation of rights secured to the defendant by the Fifth and Sixth Amendments to the United States Constitution, and in violation of the protections of Miranda v. Arizona, 384 U.S. 436 (1966).

Respectfully submitted,
Thinh Cao,
By his attorney,

John F. Cicilline, Esquire #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
Cicilline387@aol.com

**CERTIFICATION**

I, the undersigned, hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 9th day of February, 2006..

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR NO. 05-134 T**

**THINH CAO**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS**

In the police narrative prepared by Patrolman Donald J. Archibald, the officer reports at page 2, that he spoke with Thinh on July 25th, and read him his Miranda rights. Thinh would only say: "I've been in jail for fourteen years, you do what you have to do."

An FBI 302 generated by Special Agents Brian S. Womble and Joseph Degnan establishes that on July 26th, the agents gave Thinh Cao his rights and had him execute a FD 395 advice of rights form, and then questioned him.

An individual who is held for questioning must be clearly informed that he has the right to remain silent and the right to consult with a lawyer and to have the lawyer with him during interrogation under the system for protecting the right against self incrimination. Miranda v. Arizona, 384 US 436 (1966); United States v. Santos, 131 F.3d 16 (1St Cir. 1997); United States v. Fraza, 106 F.3d 1050 (1st Cir. 1997); United States v. Garcia, 983 F.2d 1160 (1St Cir. 1993); United States v. Quinn, 815 F.2d 153 (1st Cir. 1987). Not only must an accused be informed of those rights, but additionally the rights themselves must be scrupulously honored. Miranda v. Arizona, supra; Michigan v. Mosely, 423 US 96 (1975); Burke v. Vose, 847 F. Supp. 256 (DRI 1993).

A custodial situation necessitating Miranda warnings arises where there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. California v. Beheler, 463 US 1121 (1983), [(quoting Oregon v. Mathiason, 429 US 429 (1977)]; United States v. Doe, 878 F.2d 1546 (1st Cir. 1989); United States v. Masse, 816 F.2d 805 (1st Cir. 1987). Custodial interrogation was characterized by the Miranda court as "questioning initiated by law enforcement officers after a person has been taken into custody is otherwise deprived of his freedom of action in any significant way" id 444; See also Berkemer v. McCarthy, 468 US 420 (1984); Estelle v. Smith, 451 US 454 (1981); United States v. Lanni, 951 F.2d 440 (1st Cir. 1991); United States v. Lee, 699 F.2d 466 (9th Cir. 1982). The suspects answers must also be made in response to police interrogation, whether that questioning be express or its functional equivalent. Rhode Island v. Innis, 446 US 291 (1980); United States v. Conley, 156 F.3d 78 (1st Cir. 1998);

If the suspect at any time invokes his right to either counsel or to remain silent, all questioning must cease and must not resume until the suspect consults with counsel or initiates further contact with his interrogators. Edwards v. Arizona, 451 US 477 (1981); United States v. Bezanson, 390 F.2d 34 (1St Cir. 2004); James v. Marshall, 322 F.3d 103 (1st Cir. 203); Spano v. Di Paolo, 265 F.3d 1 (1St Cir. 2001); United States v. Leon-Delfis, 203 F.3d 103 (1st Cir. 2000); United States v. Fouche, 833 F.2d 1284 (CA 9 1987). In Oregon v. Bradshaw, 462 US 1039 (1983) the Supreme Court agreed that the admissibility of a confession given by a defendant who earlier invoked his Miranda right to counsel is to be determined by a two step process. First, it must be asked whether the defendant "initiated" the second conversation, and if the answer is yes, it must then inquire whether the defendant waived his right to counsel and to remain silent and whether the purported

waiver was knowing and intelligent under the totality of circumstances, including the necessary fact that the accused not the police reopened the dialogue with the authorities. id. 1046; Davis v. United States, 512 US 452 (1994); Moran v. Burbine, 475 US 412 (1981). In determining what constitutes "initiation" the four justice plurality in Bradshaw concluded that inquiries or statements relating to routine incidents of the custodial relationship would not suffice, but questions which evinced a willingness and a desire for a generalized discussion about the investigation would meet the criteria. The conduct in this case establishes that the government did not abide by the directive of Edwards. United States v. Bezanson-Perkins, supra; United States v. Fontana, 948 F.2d 796 (1st Cir. 1991).

Respectfully submitted,
Thinh Cao,
By his attorney,

John F. Cicilline, Esquire #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
Cicilline387@aol.com

**CERTIFICATION**

I, the undersigned, hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 9th day of February, 2006..