**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR NO. 05-134 T**

**THINH CAO**

# MOTION TO SEVER

Now comes the defendant in the above entitled cause pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure and moves that he be severed from his co-defendants.

Respectfully submitted
Thinh Cao,
By his attorney,

John F. Cicilline, Esquire #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273.5600
Fax 401 454.5600
Cicilline387@aol.com

## CERTIFICATION

I, the undersigned, hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 9th day of February, 2006..

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR NO. 05-134 T**

**THINH CAO**

**MEMORANDUM IN SUPPORT OF MOTION FOR SEVERANCE**

During the course of this investigation the co-defendant Quoc Nguyen made a statement. In that statement Quoc said that he and the others drove to Nail Tech to collect $2000.00 that he said Tommy owed in gambling debts. Quoc also said that he and the other two "showed up at Nail Tech unannounced for the sole purpose of collecting the $2000.00 form Tommy."

In the FBI 302 drafted by Brian Womble the agent reports that the defendant and his co-defendants "came to Nail Tech to collect a gambling debt from Tommy Nguyen."

This information is not attributed to anyone but since the defendant knows that he did not make the statement it is fair to conclude that either one or both of the co-defendants said that.

The government also asserts that the debt was actually owed to a person named Andy, whose real name is Van Anh, who lives in Boston. (Page 2 West Warwick Police Narrative). In the course of an interview of Khwong Nguyen, a co-defendant, the government says that Khwong told the agents that he met the defendant through Tony. (last name unknown) This person is ostensibly the same Tony to whom the debt was owed.

The right to a jury trial guarantees the criminally accused a trial which is fair. Irvin v. Dowd, 366 US 717 (1960); In re Oliver, 333 US 257 (1947). It is a basic requirement of due process. In re Murchison, 349 US 133 (1954). See also United States v. Pascacio Clotilda, 892 F2d 1098 (1st Cir. 1989). (the essence of any truly civilized criminal justice system is fairness in the individual case); United States v. Collamore, 868 F2d 24 (1st Cir. 1989); Fazenweather v. Moran, 749 F. Supp 43 (DRI 1990).

The defendant's right to a fair trial is compromised by the admission of an extrajudicial statement made by a non-testifying co-defendant because it violates the defendant's right to confrontation. Bruton v. United States, 391 US 123 (1968); United States v. Vega Molina, 407 F.3d 511 (1ST Cir. 2005); United States v. Lopez-Lopez, 282 F.3d 1 (1st Cir. 2002); United States v. Torres-Galino, 206 F3d 136 (1st Cir. 2000); United States v. McNatt, 842 F2d 564 (1st Cir. 1988). This is so because there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great and the consequence of failure so vital to the defendant that the practical and human limitations of the jury system cannot be ignored. See also, Schneble v. Florida, 405 US 427 (1972); Gutierrez-Rodriguez v. Cartagena, 882 F2d 553 (1st Cir. 1989); United States v. Zeuli, 725 F2d 1813 (1st Cir. 1984).

In Bruton v. United States, 391 US 123 (1968) the Supreme Court held that " the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statement in determining petitioners guilt, admission of the confession in this joint trial violated the petitioners right of cross examination secured by the Confrontation Clause of the Sixth Amendment." Id. 126. The Supreme Court has also established that even statements that do not explicitly name a co-defendant are forbidden if

they are redacted in such a way as to make the naming of the co-defendant obvious to the jury. See Gray v. Maryland, 523 US 185 (1998). See also Richardson v. Marsh, 481 US 200 (1987); United States v. Vega-Molina, 407 F.3d 511 (1st Cir. 2005); United States v. Lopez-Lopez, 282 F.3d 1 (1st Cir. 2002).

In United States v. Innamorati, 996 F.2d 456 (1st Cir. 1993) the court explained the rationale for Bruton by saying that a co-defendant who confesses to the authorities and inculpates another may be seeking to curry favor and cast the main blame upon another. Thus, the statement as a whole may be very much in the interests of the confessing party who could be minimizing his or her role. Id. 474-475. The case also notes that statements made under these circumstances are inherently untrustworthy. See, generally, 4 Weinstein and Berger, Weinsteins Evidence, 804 (b)(3)[3] at 804-152 (1992).

In United States v. Limberopoulos, 26 F.3d 245 (1st Cir. 1994) the court restated the test which originated in Bruton, to be whether the evidence has the powerfully incriminating effect of one accomplice pointing the finger directly at another, without subjecting himself to cross-examination. Id, 253; United States v. Nason, 9 F.3d 155 (1st Cir. 1993); United States v. Barnett, 989 F.2d 546 (1st Cir. 1993); United States v. DiGregorio, 605 F.2d 1184 (1st Cir. 1979). The statements made by the co-defendants has this effect since it inculpates the defendant without affording him the right to confrontation. United States v. Licausi, 167 F.3d 36 (1st Cir. 1999); United States v. Mangone, 105 F.3d 29 (1st Cir. 1997); United States v. Edgar, 82 F.3d 499 (1st Cir. 1996).

In United States v. Magnone, 105 F.3d 29 (1st Cir. 1997) and United States v. Torres-Galindo, 206 F.3d 146 (1st Cir. 2000) the Court of Appeals rejected the defendants' claim that they had been prejudiced by Bruton-like evidence. In Magnone the court held

that the admission of such evidence was an error, but went on to find the error harmless. In Torres-Galindo the court held that the issue needed to be decided under the plain error rule because it had not been objected to at trial, Id. 143, and then decided that the statement had been sufficiently sanitized by omitting mention of Torres's name.

Both those cases, however, restate the rule of Bruton and ensure its continuing vitality in this circuit, and because of that severance is required because both co-defendant's made statements incriminating the defendant. .

In Zafiro v. United States, 506 US 534 (1993) the court held that when defendants have been properly joined under rule 8(b) a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would prejudice a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. Id. at 539, see also United States v. Baltas, 236 F.3d 27 (1st Cir. 2001). The court then immediately stated that "such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant." See also United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993); United States v. Font-Ramirez, 944 F.2d 42 (1st Cir. 1991).

Although a defendant in order to prevail must generally make a strong showing of prejudice, United States v. Melendez, 301 F.3d 27 (1st Cir. 2002); United States v. Jordan, 112 F.3d 14 (1st Cir. 1997); United States v. Gray, 958 F.2d 9 (1st Cir. 1992); United States v. Scivola, 766 F.2d 37 (1st Cir. 1985), severance is appropriate because in this case there is a serious risk that a joint trial would compromise the defendants right to confrontation and would prevent the jury from making a reliable judgment about guilt or innocence. Zafiro, supra; United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993); United

States v. Font Ramirez, 944 F.2d 42 (1st Cir. 1991). In those circumstances prejudice is so pervasive that a miscarriage of justice looms, United States v. Pierro, 32 F.3d 611 (1st Cir. 1994) and limiting instructions are unavailing. Bruton at 135-36; Cruz v. New York, 481 US 186 (1987); United States v. Cartagena-Merced, 986 F. Supp 698 (D. Puerto Rico 1997).

This court should therefore grant the defendant's Motion to Sever in order to ensure a fair trial.

Respectfully submitted,
Thinh Cao,
By his attorney,

John F. Cicilline, Esquire #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273.5600
Fax 401 454.5600
Cicilline387@aol.com

**CERTIFICATION**

I, the undersigned, hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 9th day of February, 2006..