UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS CR No. 05-134 T

THINH CAO

**MOTION TO DISMISS**

Now comes the defendant, Thinh Cao, in the above-entitled cause, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure and moves to dismiss counts 1 and 2 and for reason says that the indictment does not charge crimes cognizable at law.

Respectfully submitted
Thinh Cao,
By his attorney,

John F. Cicilline, Esquire #0433
381 Atwells Avenue
Providence, RI 02907
Office 401 273-5600
Fax 401 454-5600
Cicilline337@aol.com

**CERTIFICATION**

I, the undersigned, hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 24th day of February, 2006..

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS** **CR No. 05-134-T**

**THINH CAO**

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The defendant is charged in count 1 with conspiracy to participate in the use of extortionate means to collect an extension of credit. In count 2, he is charged with the substantive offense, of participating in the use of extortionatic means to collect or attempt to collect an extension credit and to punish a person for the nonpayment of that extension of credit by expressly and implicitly threatening the use of violence and other criminal means.

Both of these charges track the language in section 894. They do not however, incorporate the ingredients of section 892(b) which requires:

1. that the extension of credit be unenforceable through civil process.
2. that the extension of credit was made at a rate of interest in excess of 45 per centum, and
3. that the amount exceeded $100.00.

An indictment is sufficient if, it first contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second enables him to plead an acquitted or conviction in bar of future prosecution for the same offense. Hamling v. United States, 418 US 87 (1974); United States v. Serino, 835 F.2d 924 (1st Cir. 1987); United States v. Sedlak, 720 F.2d 715 (1st Cir. 1983).

The indictment must be a plain, concise and definitive written statement of the essential facts constituting the offense charged. United States v. Fusaro, 708 F.2d 17 (1st Cir.), cert. denied 464 US 1007 (1983). It must also set forth the proscribed behavior with sufficient definiteness so that ordinary people can understand what conduct is prohibited. United States v. Ferryman, 897 F.2d 584 (1st Cir. 1990); see also Kolender v. Lawson, 461 US 352 (1983); United States v. Colon Ortiz, 866 F.2d 6 (1st Cir.), cert. denied 109 S Ct. 1966 (1989). Those requirements are established by the due process clause of the Fifth Amendment, and the notice and jury trial guarantees of the Sixth Amendment which guarantee that any fact, (other than prior conviction) that increases the maximum penalty for a crime must be charged in the indictment, submitted to the jury and proven beyond a reasonable doubt. Jones v. United State, 526 US 227 (1999).

There are two distinct values that are protected by the mandate that every element of the crime must be charged in the indictment. First no person should be held responsible for answering to a charge that is so poorly articulated that it does not list every element of the offense. See Connally v. General Const. Co., 269 US 385 (1926); United States v. Cardiff, 344 US 174 (1952). Second the charge must not be so loosely worded that it would permit a jury to arbitrarily and discriminatorily reach its decision. See United States v. Carill, 344 US 174 (1952). The certainty sufficient to identify the offense is that which sufficiently advices the defendant of the nature and cause of the accusation and with the requisite particularity. Wong Tai v. United States, 273 US 545 (1927).

The indictment, as now written, requires both the court and a jury to add elements from sec 892, and incorporate them as if they were actually laid in the indictment. This is exactly what the Supreme Court condemned in Jones and prior to that held unconstitutional in Mullaney v. Wilbur, 421 US 684 (1975) and In re Winship 397 US 358 (1970).

Respectfully submitted,
Thinh Cao,
By his attorney,

John F. Cicilline, Esq. #0433
381 Atwells Avenue
Providence, RI 02907
Office (401) 273-5600
Fax (401) 454-5600
Cicilline387@Aol.com

**CERTIFICATION**

I, the undersigned, hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 24th day of February, 2006..