IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-134T |
| | ) | |
| THINH CAO | ) | |

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and objects to defendant's Motion to Suppress Statements for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H. Leavey
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

CERTIFICATION OF SERVICE

I hereby certify that on this 9th day of March, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Objection to Defendant's Motion to Suppress Statements, along with its accompanying Memorandum, to the following:

John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

Judith Crowell, Esquire
127 Dorrance Street
Providence, RI 02903

C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903

James McCormick, Esquire
128 Dorrance Street - Suite 330
Providence, RI 02903

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-134T |
| | ) | |
| THINH CAO | ) | |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

Defendant has moved to suppress statements made to FBI agents on the ground that he had earlier invoked his right to remain silent which, in his view, meant he could not be re-interviewed. Of course, before the Court need even decide if defendant's invocation of his right to remain silent was "scrupulously honored", Michigan v. Mosley, 423 U.S. 96, 104 (1975), this Court must decide if his statement to the West Warwick police was "clear and unambiguous." Davis v. United States, 512 U.S. 452, 459 (1994).

As noted in defendant's memorandum, defendant was advised of his Miranda warnings by the West Warwick police after his arrest. When asked if he wished to give a statement, he indicated that he had been in jail for 14 years and told the police officer to do what he had to do. The government submits that this statement is not a "clear and unambiguous" invocation of his right to remain silent. Although, Davis (supra) involved the right to counsel, the First Circuit has noted that every circuit which has ruled on the issue of requiring a clear and unambiguous statement has

found that the same rule applies to the right to remain silent. United States v. DiPaolo, 170 F.3d 232, 239 (1st Cir. 1999). See also, Medina v. Singletarry, 59 F.3d 1095, 1100 (11th Cir.), cert. denied, 517 U.S. 1247 (1996)(Law enforcement officers not required to terminate an interrogation unless invocation of right to remain silent is unambiguous.)

A couple of cases might be illustrative of this principle. In James v. Marshal, 322 F.3d 103, 107 (1st Cir. 2002), defendant was asked, after Miranda warnings, if he wished to make a statement. The defendant replied, "nope." The First Circuit found that this was not a clear, unambiguous invocation of his right to remain silent and consequently, the interrogator was justified in asking clarifying questions. In United States v. Mills, 122 F.3d 346, 350 (7th Cir. 1997), the Court reaffirmed an earlier decision upholding a magistrate's finding that the defendant's statement, after Miranda warnings, "Get the f— out of my face. I have nothing to say. I refuse to sign." was not a clear assertion of his right to remain silent, but rather a general expression of anger. The government submits that defendant's statement in the instant case can just as easily be interpreted as an expression of anger rather then an expression of his right to remain silent and, in any case, is not a clear and unambiguous statement of that right.

The thrust of defendant's argument is, however, that if "a suspect at anytime invokes his right to either counsel or to remain silent, all questioning must cease and must not resume until the suspect consults with counsel or initiates further contact with the interrogators." Defendant's Memo p2. He then cites Edwards v. Arizona, 451 U.S. 477 (1981) and five lower court decisions in support of this proposition. None of these cases supports his argument. What defendant has done is to take the rule which applies to an invocation of the right to counsel and gratuitously add the invocation of the right to remain silent.

Edwards v. Arizona sets forth the above rule when a suspect requests an attorney. It specifically held that if a defendant invokes his right to remain silent, interrogation must cease. It went on, however, to hold that if a defendant invokes his right to counsel, interrogation must cease until an attorney is present. Edwards, 451 U.S. at 481 citing Miranda v. Arizona, 384 U.S. 436, 474 (1966). The distinction is important.

In Michigan v. Mosley, 423 U.S. 96 (1976), a custodial suspect asserted his right to remain silent about a robbery. Two hours later, he waived his Miranda rights in respect to a murder and confessed. The waiver was valid because: 1) Police honored the assertion for a respectable period of time; 2) He made an explicit waiver after being readvised of his rights; and 3) The

questioning concerned a different crime. The key elements are the first two; that the police honor the invocation for a significant period of time, and give a fresh set of warnings. The third "separate crimes" factor has not been generally required. United States v. Hsu, 852 F.2d 407, 409-410 (9th Cir. 1988). The Court interpreted Mosley as envisioning an inquiry into all relevant facts including the length of time between interrogations, the provision of fresh warnings, the scope of the second interrogation and the zealousness of officers after defendant had invoked his right to remain silent. This list was non-exhaustive and a finding of one would not mandate a finding that the police had not "scrupulously honored" the right to cut off questioning. The court went to hold that the fact the second interrogation was for the same crime was not important. The most important factor is the re-advising the defendant of his Miranda warnings. The First Circuit agrees. In upholding a district judge's suppression of statements after a defendant had invoked his right to remain silent, the court noted that Mosley did not require the police to never re-interrogate a suspect after he chooses to remain silent. United States v. Barone, 968 F.2d 1378, 1382-83 (1st Cir. 1992). The critical question was whether the government scrupulous honored the defendant's right to cut off questioning. Id. In other words the court should look at the "totality of the circumstances." Barone at 1384.

The First Circuit revisited the issue six years later. In United States v. Andrade, 135 F.3d 104 (1998), a defendant invoked his right to remain silent after Miranda warnings and after denying the charges. Four hours later, after agents had searched his home, defendant was awakened and asked if he remembered his rights that had been read to him earlier. He had and defendant made admissions. The court found that since a reasonable interval separated the two periods of questioning and because there had been no repeated attempt to reverse a refusal to talk through undo pressure, the statements were admissible. Andrade, 135 F.3d at 107.

Finally, Judge Young visited the issue in United States v. Reid, 211 F.Supp. 2d 366 (D.MA. 2002). The defendant in that case stated, "I have nothing to say", after Miranda warnings. Four hours later, he was re-advised of his rights and agreed to answer questions for the same crime for which he had been arrested. In citing Mosley, Barone, and Andrade, supra, the district judge considered the totality of circumstances and found that the interrogators had "scrupulously honored" Reid's right to cut off questioning and denied the motion to suppress those statements. Reid, 211 F.Supp. 2d at 375-376.

Based on the above, the government respectfully submits that if, the Court finds that the defendant did, in fact, invoke his

right to remain silent, his admissions to the FBI are admissible under the totality of circumstances approach.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

## CERTIFICATION OF SERVICE

I hereby certify that on this 9th day of March, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Objection to Defendant's Motion to Suppress Statements, along with its accompanying Memorandum, to the following:

John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

Judith Crowell, Esquire
127 Dorrance Street
Providence, RI 02903

C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903

James McCormick, Esquire
128 Dorrance Street - Suite 330
Providence, RI 02903