**DEFENDANTS REQUEST FOR CHARGE**

1. Mr. Cao, like every person accused in a criminal case, has the absolute right not to testify. This right is just another way of saying that the government has the burden of proof in every criminal case and an accused person has no burden whatsoever. There are, of course, many reasons why completely innocent people, who are accused of having committed offences, may choose not to testify. For instance, some may have a hard time expressing themselves; others may be so upset from being placed on trial that they are unable to testify in their own behalves.

In this case, Mr. Cao has chosen to exercise his right not to testify. It would be improper and unfair for you to speculate as to the reason or reasons why he may have so chosen. You must not infer anything whatever from Mr. Cao's decision not to testify, and I specifically instruct you that during your deliberations you may not discuss this fact in any manner whatsoever. In other words, it may not contribute in any way to your deliberations or decision in this case. See e.g. Carter v. Kentucky, 450 US 288 (1981); Lakeside v. Oregon, 435 US 333 (1978); Griffin v. California, 330 US 609 (1965); Wilson v. United States, 149 US 60 (1893); Cf. Criminal Jury Instructions of the District of Columbia, Nos. 1.10, 2.44, 2.45.

2. The law presumes a defendant to be innocent of a crime. Thus, a defendant although accused, begins the trial with a clean slate. That is, with no evidence against



[redacted]

him. The law permits nothing but legal evidence presented before a jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless you are satisfied beyond a reasonable doubt of the defendant's guilt after a careful and impartial consideration of all the evidence in the case. Taylor v. Kentucky, 436 US 478 (1977); 1E. Devitt & C. Blackmar, Federal Jury Practice and Instructions sec. 11.14 (3 ed 1977); United States v. Alston, 551 F.2d 315 (DC Cir. 1976); United States v. Cummings, 468 F.2d 274 (9th Cir. 1972).

The presumption of innocence is a conclusion drawn by the law, in favor of the accused, by virtue wherefore, when brought to trial upon a criminal charge he must be acquitted unless he is proven guilty. Coffin v. United States, 156 US 432 (1895). In other words, the presumption is an instrument of proof treated by the law in favor of one accused, whereby his innocence is established until sufficient evidence is introduced to overcome the proof which the law has created. Id 459; 1 Greene Ev. Sec. 34. The presumption is in the nature of evidence in the accused' favor and a knowledge of it should be communicated to the jury. Coffin at 459-460.

3. To prove the elements of the crime of conspiracy, the government must prove, beyond a reasonable doubt:

A. the evidence of a conspiracy

B. the defendant's knowledge of a conspiracy

C. the defendant's voluntarily participation in the conspiracy. United States v. Marrero-Ortiz, 160 F.3d 768 (1st Cir. 1998); United States v. Morillo, 158 F.3d 18 (1st Cir. 1998); United States v. Gomez-Pabon, 911 F.2d 847 (1st Cir 1990).

To prove that the defendant belonged to and voluntarily participated in the conspiracy the government must prove two kinds of intent: "intent to agree and intent to commit the substantive offense" United States v. Ruiz, 105 F.3d 1492 (1st Cir. 1997); Gomez-Pabon, 911F.2d at 853 [quoting United States v. Rivera-Santiago, 872 F.2d 1073 (1st Cir. 1989)]; United States v. Drougas, 748 F.2d 8 (1st Cir. 1984).

The fact that a defendant knew what was going on is, on its own, not enough to establish an intent to conspire. United States v. Morilllo, supra; United States v. O'Campo, 973 F.2d (1St Cir. 1992); United States v. Aponte-Suarez, 905 F.2d 483 (1st Cir. 1990); United States v. Hyson, 721 F.2d 856 (1st Cir. 1983).

4. In determining whether a conspiracy existed, the jury may consider the action and declarations of all the alleged participants. However, in determining whether a particular defendant was a member of a conspiracy, if at all, the jury may consider only his own acts and statement. Whether an individual defendant had become a member of a conspiracy, therefore, may only be determined if the jury finds beyond a reasonable doubt from his own acts and statements, that be became a member. United Sates v. Frankhouser, 80 F.3d 641 (1st Cir. 1996); United States v. Aponte-Swarez, 905 F.2d 483 (1st Cir. 1990).

It must be kept in mind at all times that the guilt of each alleged conspirator must be considered individually and separately and one cannot be bound by the acts and declarations of other participants until it is established beyond a reasonable doubt, if it is ever established, that a conspiracy existed and he became a member of the conspiracy. See United States v. Hyson, 721 F.2d 856 (1st Cir. 1983); United States v. Mackdean, 562

F.2d 103 (1st Cir. 1977); United States v. Guaanti, 421 F.2d 792, 800 (2nd Cir. 1970); United States v. Spock, 416 F.2d 165 (1st Cir. 1969).

5. Evidence that the defendant was in the company of, or associated with one or more of the persons alleged or proved to have been a member of a conspiracy is not sufficient to prove that such defendant was a member of the alleged conspiracy. In fact, mere presence at the scene of a crime even coupled with knowledge that a crime is being committed is insufficient to prove membership in a conspiracy. See United States v. Castro Garcia, 818 F.2d 136 (1st Cir. 1987); United States Paone, 758 F.2d 774 (1st Cir. 1985); United States v. Mehtala, 578 F.2d 6 (1st Cir. 1978); United States v. Francomano, 554 F.2d 483 (1st Cir. 1997).

Similarity of conduct among various persons and the fact they may have been associated with each other and may have been together and discussed common interests is not sufficient to establish membership in a conspiracy.

In other words, mere association with conspirators even coupled with knowledge that a violation of the law has occurred is insufficient to make a defendant a conspirator. See United States v. Corpus, 882 F.2d 546 (1st Cir. 1989); United States v. Hathaway, 534 F.2d 386 (1st Cir. 1976).

6. In order to aid and abet another to commit a crime it is necessary that the defendant in some way associate himself with the venture, that he participate in it as in something he wishes to bring about, and that he seeks by his action to make it succeed. Nye and Nissen v. United States, 336 US 613 (1949); United States v. Valerio, 48 F.3d 58 (1st Cir. 1995); United States v. O'Campo, 973 F.2d 1015 (1st Cir. 1992); United States

v. Mehtala, 578 F.2d 5 (1st Cir. 1978); United States v. Francomano, 554 F.2d 483 (1st Cir. 1978); United Sta es v. Peoni, 100 F.2d 401 (2nd Cir. 1938).

The governme nt must prove this sharing of criminal intent. United States v. Francomano, supra; Johnson v. United States, 195 F.2d 673 (8th Cir. 1952). Mere association between the principal and others is not sufficient to establish guilt, United States v. Mehtala, 578 F.2d 6 (1St Cir. 1978); Ramirez v. United States, 363 F.2d 33 (9th Cir. 1966) nor is mere presence at the scene and knowledge that a crime was committed sufficient to establish guilt. Hicks v. United States, 150 US 442 (1893); United States v. Morillo, 158 F.3d 18( st Cir. 1998); United States v. Francomano, 554 F.2d 483 (1st Cir. 1977); United States v. Gorguilo, 310 F2d 249 (2nd Cir. 1962).

To be held responsible for participation in the crime, a party must be shown to have entered knowingly, willfully and intentionally into an agreement to further the crimes' purpose. The government must therefore, prove that the defendant associated himself with the unlawful extension of credit crime in some way and that he affirmatively participated in the venture in some fashion so as to make it succeed. United States v. O'Campo, 973 F.2d 1015(1st Cir1992); United States v. Lema, 909 F.2d 361 (1st Cir. 1990); United States v. Aponte-Suarez, 905 F.2d 483(1st Cir. 1990) United States v. Campa, 679 F.2d 1006 (1st Cir. 1982).

7. If the evidence viewed in the light most favorable to the government gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, the jury must find the defendant not guilty. This is so because where an equal theory of guilt and a theory of innocence is supported by evidence viewed in the light most favorable to the prosecution, a reasonable jury must necessarily entertain a

reasonable doubt. United States v. Flores-Rivera, 56 F.2d 319 (1st Cir. 1995); United States v. Sanchez, 961 F.2d 1169 (5th Cir.), cert denied 113 S. Ct. 330 (1992).

8. In count II of the indictment the defendant is charged with attempting to collect an extension of credit by the use of extortionate means, within the meaning of 18 USC 891 (7). Subsection (7) defines an extortionate means as "any means which involves the use, or an express or implicit threat of use of violence or other criminal means to cause harm to the person, reputation or property of any person"

Since the indictment does not specify the means that the government alleges were employed, you may not find guilt on this count. That is so because it is an element of the crime, but is not charged in the indictment. Jones v. United States, 526 US 227 (1999).