IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
vs. ) CR No. 05-134T
)
VAN ANH )
KHONG NGUYEN )
THINH CAO )

RECEIVED
APR 28 '06
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and submits the following proposed jury instructions.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H. Leavey

JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

## CERTIFICATION OF SERVICE

I hereby certify that on this 25th day of April, 2006, I faxed and served by first class mail, postage prepaid, a copy of the within Government's Proposed Jury Instructions, to the following:

FAX 454-5600
John M. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

FAX 454-5600
John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

FAX 274-0175
Judith Crowell, Esquire
128 Dorrance Street
Providence, RI 02903

FAX 751-5096
C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903

# INDEX

PAGE

1. COUNT II - COLLECTION OF EXTENSION OF CREDIT BY EXTORTIONATE MEANS (18 U.S.C. § 894(a)(1)) . . . . . . . 1
2. THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED . . . . . . . 2
3. "EXTORTIONATE MEANS" - DEFINED . . . . . . . . . . . . . . . . 3
4. "TO EXTEND CREDIT" - DEFINED . . . . . . . . . . . . . . . . . 4
5. "TO COLLECT AN EXTENSION OF CREDIT" - DEFINED . . . . . . . 5
6. "THE REPAYMENT OF ANY EXTENSION OF CREDIT - DEFINED . . . 6
7. "THREATS" - EXPLAINED . . . . . . . . . . . . . . . . . . . 7
8. ACTUAL FEAR NOT AN ELEMENT . . . . . . . . . . . . . . . . . 8
9. "AID AND ABET" DEFINED . . . . . . . . . . . . . . . . . . . 9
10. ATTEMPT DEFINED . . . . . . . . . . . . . . . . . . . . . . 10
11. COUNT I - CONSPIRACY TO COLLECT AN EXTENSION OF CREDIT BY EXTORTIONATE MEANS (18 U.S.C. § 894(a)(1)) . . . . . . 11
12. THE STATUTE DEFINING THE OFFENSE . . . . . . . . . . . . 12
13. ELEMENTS OF COUNT I . . . . . . . . . . . . . . . . . . . 13-14
14. LIABILITY OF CO-CONSPIRATORS FOR SUBSTANTIVE OFFENSE . 15-16

**1. COUNT II**
**COLLECTION OF EXTENSION OF CREDIT BY**
**EXTORTIONATE MEANS (18 U.S.C. § 894(a)(1))**

THE STATUTE DEFINING THE OFFENSE CHARGED

SECTION 894(a)(1) OF TITLE 18 OF THE UNITED STATES CODE PROVIDES IN PART, THAT:

"WHOEVER KNOWINGLY PARTICIPATES IN ANY WAY ... IN THE USE OF ANY EXTORTIONATE MEANS (1) TO COLLECT OR ATTEMPT TO COLLECT ANY EXTENSION OF CREDIT OR TO PUNISH ANY PERSON FOR THE NONREPAYMENT THEREOF SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

Federal Jury Practice and Instructions, Fifth Edition § 37.07

## 2. THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF USING EXTORTIONATE MEANS TO COLLECT OR ATTEMPT TO COLLECT AN EXTENSION OF CREDIT AS CHARGED IN COUNT II OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING TWO (2) ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

ONE: DEFENDANT KNOWINGLY USED OR PARTICIPATED IN THE USE OF EXTORTIONATE MEANS TO COLLECT OR ATTEMPT TO COLLECT AN EXTENSION OF CREDIT FROM TOMMY NGUYEN OR KNOWINGLY USED OR PARTICIPATED IN PUNISHING TOMMY NGUYEN FOR THE NONREPAYMENT OF AN EXTENSION OF CREDIT; AND

TWO: IN DOING SO DEFENDANT EXPRESSLY OR IMPLICITLY THREATENED THE USE OF VIOLENCE OR OTHER CRIMINAL MEANS TO CAUSE HARM TO THE PERSON, REPUTATION, OR PROPERTY OF ANY PERSON.

Federal Jury Practice and Instructions. Fifth Edition § 37.08

**3. "EXTORTIONATE MEANS" - DEFINED**

THE TERM "EXTORTIONATE MEANS" IS ANY METHOD WHICH INVOLVES THE USE, OR AN EXPRESS OR IMPLICIT THREAT OF USE, OF VIOLENCE OR OTHER CRIMINAL MEANS TO CAUSE HARM TO THE PERSON, REPUTATION, OR PROPERTY OR ANY PERSON.

Federal Jury Practice and Instructions. Fifth Edition § 37.09

**4. "TO EXTEND CREDIT" - DEFINED**

THE PHRASE "TO EXTEND CREDIT" MEANS TO ENTER INTO ANY AGREEMENT, TACIT, OR EXPRESS, WHEREBY THE REPAYMENT OR SATISFACTION OF ANY DEBT OR CLAIM, WHETHER ACKNOWLEDGED OR DISPUTED, VALID OR INVALID, AND HOWEVER ARISING, MAY OR WILL BE DEFERRED.

"TO EXTEND CREDIT" OR "TO MAKE AN EXTENSION OF CREDIT" MEANS TO, IN ANY WAY, DEFER OR POSTPONE THE PAYMENT OF ANY TYPE OF DEBT OR OBLIGATION.

Federal Jury Practice and Instructions. Fifth Edition § 37.13

**5. "TO COLLECT AN EXTENSION OF CREDIT" - DEFINED**

THE PHRASE "TO COLLECT AN EXTENSION OF CREDIT" MEANS TO INDUCE IN ANY WAY ANY PERSON TO MAKE REPAYMENT THEREOF.

THE PHRASE INCLUDES THE ACTUAL COLLECTION IN ORDER TO REPAY THE EXTENSION OF CREDIT AS WELL AS ATTEMPTS TO COLLECT REPAYMENT.

Federal Jury Practice and Instructions. Fifth Edition § 37.10

**6. "THE REPAYMENT OF ANY EXTENSION OF CREDIT" - DEFINED**

"THE REPAYMENT OF ANY EXTENSION OF CREDIT" INCLUDES THE REPAYMENT, SATISFACTION, OR DISCHARGE IN WHOLE OR IN PART OF ANY DEBT OR CLAIM, ACKNOWLEDGED OR DISPUTED, VALID OR INVALID, RESULTING FROM OR IN CONNECTION WITH THAT EXTENSION OF CREDIT.

THE PHRASE "THE REPAYMENT OF ANY EXTENSION OF CREDIT" INCLUDES THE REPAYMENT OR PARTIAL REPAYMENT, OF ANY KIND, OF ANY DEBT OR OBLIGATION.

Federal Jury Practice and Instructions. Fifth Edition § 37.14

## 7. "THREAT" - EXPLAINED

THE GOVERNMENT NEED NOT PROVE THAT ANY THREAT TO USE FORCE OR VIOLENCE WAS EXPLICIT OR EXPRESSED OUTRIGHT IN SO MANY WORDS. IMPLICIT THREATS TO USE FORCE OR VIOLENCE ARE ALSO PROHIBITED.

IF YOU FIND THAT UNDER ALL OF THE CIRCUMSTANCES SHOWN BY THE EVIDENCE RECEIVED IN THIS CASE THAT AN ORDINARY AND REASONABLE PERSON WOULD HAVE BEEN PUT IN FEAR OF IMMEDIATE BODILY OR ECONOMIC HARM, OR FUTURE BODILY OR ECONOMIC HARM, FROM ANYTHING THAT DEFENDANT DID OR SAID TO HIM, THEN YOU MAY FIND THAT DEFENDANT DID USE EXTORTIONATE MEANS TO INSTILL FEAR WITHIN THE MEANING OF THESE INSTRUCTIONS.

A "THREAT" INCLUDES THE USE OF WORDS TO ANOTHER WHICH INDICATE TO THAT PERSON THAT FAILURE TO COMPLY WITH THE DEMANDS OF THE PERSON MAKING THE THREATS WILL RESULT IN PHYSICAL OR ECONOMIC HARM TO THE PERSON.

Federal Jury Practice and Instructions. Fifth Edition § 37.16

## 8. ACTUAL FEAR NOT AN ELEMENT

ACTUAL FEAR ON THE PART OF THE DEBTOR IS NOT AN ELEMENT OF THE OFFENSE CHARGED IN COUNT II OF THE INDICTMENT. IT IS NOT NECESSARY, THEREFORE, THAT THE GOVERNMENT PROVE THAT THE VICTIM OF ANY COLLECTION OF EXTENSIONS OF CREDIT WAS ACTUALLY PLACED IN FEAR OF IMMEDIATE BODILY HARM OR FUTURE BODILY HARM OR OF OTHER CRIMINAL MEANS.

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, HOWEVER, THAT DEFENDANT PLANNED AND INTENDED THAT THE DEBTOR OR BORROWER WOULD UNDERSTAND THE POSSIBILITY THAT HARMFUL CONSEQUENCES WOULD FOLLOW FROM HIS FAILURE TO REPAY THE EXTENSION OF CREDIT.

Federal Jury Practice and Instructions. Fifth Edition § 37.13

## 9. "AID AND ABET" DEFINED

EACH DEFENDANT IS ALSO CHARGED WITH AIDING AND ABETTING EACH OTHER IN THE COMMISSION OF COUNT II. IT IS AN ALTERNATIVE THEORY OF LIABILITY.

TO "AID AND ABET" MEANS INTENTIONALLY TO HELP SOMEONE ELSE COMMIT A CRIME. TO ESTABLISH AIDING AND ABETTING, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT:

FIRST, THAT SOMEONE ELSE COMMITTED THE CHARGED CRIME; AND

SECOND, THAT DEFENDANT CONSCIOUSLY SHARED THE OTHER PERSON'S KNOWLEDGE OF THE UNDERLYING CRIMINAL ACT, INTENDED TO HELP HIM AND WILLFULLY TOOK PART IN THE ENDEAVOR, SEEKING TO MAKE IT SUCCEED.

DEFENDANT NEED NOT PERFORM THE UNDERLYING CRIMINAL ACT, BE PRESENT WHEN IT IS PERFORMED, OR BE AWARE OF THE DETAILS OF IT EXECUTION TO BE GUILTY OF AIDING AND ABETTING. BUT A GENERAL SUSPICION THAT AN UNLAWFUL ACT MAY OCCUR OR THAT SOMETHING CRIMINAL IS HAPPENING IS NOT ENOUGH. MERE PRESENCE AT THE SCENE OF A CRIME AND KNOWLEDGE THAT A CRIME IS BEING COMMITTED ARE ALSO NOT SUFFICIENT TO ESTABLISH AIDING AND ABETTING.

AN ACT IS DONE "WILLFULLY" IF DONE VOLUNTARILY AND INTENTIONALLY WITH THE INTENT THAT SOMETHING THE LAW FORBIDS BE DONE - THAT IS TO SAY WITH BAD PURPOSE, EITHER TO DISOBEY OR DISREGARD THE LAW.

## 10. ATTEMPT DEFINED

IN ORDER TO PROVE AN ATTEMPT, THE GOVERNMENT MUST PROVE THE FOLLOWING TWO THINGS BEYOND A REASONABLE DOUBT:

FIRST, THAT DEFENDANT INTENDED TO COMMIT THE CRIME OF COLLECTION OF AN EXTENSION OF CREDIT BY EXTORTIONATE MEANS; AND

SECOND, THAT DEFENDANT ENGAGED IN A PURPOSEFUL ACT THAT, UNDER THE CIRCUMSTANCES AS HE BELIEVED THEM TO BE, AMOUNTED TO A SUBSTANTIAL STEP TOWARD THE COMMISSION OF THAT CRIME AND STRONGLY CORROBORATED THIS CRIMINAL INTENT.

A "SUBSTANTIAL STEP" IS AN ACT IN FURTHERANCE OF THE CRIMINAL SCHEME. A "SUBSTANTIAL STEP" MUST BE SOMETHING MORE THAN MERE PREPARATION, BUT LESS THAN THE LAST ACT NECESSARY BEFORE THE SUBSTANTIVE CRIME IS COMPLETED.

THE "SUBSTANTIAL STEP" MAY ITSELF PROVE THE INTENT TO COMMIT THE CRIME, BUT ONLY IF IT UNEQUIVOCALLY DEMONSTRATES SUCH AN INTENT.

Federal Jury Practice and Instructions. Fifth Edition § 37.07

**11. COUNT I**
**CONSPIRACY TO COLLECT AN EXTENSION OF CREDIT BY EXTORTIONATE MEANS (18 U.S.C. § 894(a)(1))**

THE NATURE OF THE OFFENSE CHARGED

COUNT I OF THE INDICTMENT CHARGES THAT FROM ON OR ABOUT MARCH, 2005 TO ON OR ABOUT AUGUST, 2005, IN THE DISTRICT OF RHODE ISLAND, AND ELSEWHERE, DEFENDANTS PARTICIPATED IN THE USE OF EXTORTIONATE MEANS TO COLLECT FROM TOMMY NGUYEN AN EXTENSION OF CREDIT, AND TO PUNISH TOMMY NGUYEN FOR THE NON-REPAYMENT OF CREDIT EXTENDED TO HIM.

## 12. THE STATUE DEFINING THE OFFENSE

SECTION 894(a)(1) OF TITLE 18 OF THE UNITED STATES CODE PROVIDES IN PART THAT:

"WHOEVER CONSPIRES TO KNOWINGLY PARTICIPATE IN ANY WAY ... IN THE USE OF ANY EXTORTIONATE MEANS (1) TO COLLECT OR ATTEMPT TO COLLECT ANY EXTENSION OF CREDIT ..."

SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

Federal Jury Practice and Instructions. Fifth Edition § 37.07

## 13. ELEMENTS OF COUNT I

DEFENDANTS ARE ACCUSED OF CONSPIRING TO COMMIT A FEDERAL CRIME - SPECIFICALLY, THE CRIME OF COLLECTION AND ATTEMPT TO COLLECT EXTENSIONS OF CREDIT. IT IS AGAINST FEDERAL LAW TO CONSPIRE WITH SOMEONE TO COMMIT THIS CRIME.

FOR YOU TO FIND A DEFENDANT GUILTY OF CONSPIRACY, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVEN EACH OF THE FOLLOWING THINGS BEYOND A REASONABLE DOUBT.

FIRST, THAT THE AGREEMENT SPECIFIED IN THE INDICTMENT, AND NOT SOME OTHER AGREEMENT OR AGREEMENTS, EXISTED BETWEEN AT LEAST TWO PEOPLE TO SUBSTANTIVE CRIME; AND

SECOND, THAT DEFENDANT WILLFULLY JOINED IN THAT AGREEMENT.

A CONSPIRACY IS AN AGREEMENT, SPOKEN OR UNSPOKEN. THE CONSPIRACY DOES NOT HAVE TO BE A FORMAL AGREEMENT OR PLAN IN WHICH EVERYONE INVOLVED SAT DOWN TOGETHER AND WORKED OUT ALL THE DETAILS.

BUT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THOSE WHO WERE INVOLVED SHARED A GENERAL UNDERSTANDING ABOUT THE CRIME. MERE SIMILARITY OF CONDUCT AMONG VARIOUS PEOPLE, OR THE FACT THAT THEY MAY HAVE ASSOCIATED WITH EACH OTHER OR DISCUSSED COMMON AIMS AND INTERESTS DOES NOT NECESSARILY ESTABLISH PROOF OF THE EXISTENCE OF A CONSPIRACY, BUT YOU MAY CONSIDER SUCH FACTORS.

TO ACT "WILLFULLY" MEANS TO ACT VOLUNTARILY AND INTELLIGENTLY AND WITH THE SPECIFIC INTENT THAT THE UNDERLYING CRIME BE COMMITTED - THAT IS TO SAY, WITH BAD PURPOSE, EITHER TO DISOBEY OR DISREGARD THE LAW - NOT TO ACT BY IGNORANCE, ACCIDENT OR MISTAKE. THE GOVERNMENT MUST PROVE TWO TYPES OF INTENT BEYOND A REASONABLE DOUBT

BEFORE DEFENDANT CAN BE SAID TO HAVE WILLFULLY JOINED THE CONSPIRACY: AN INTENT TO AGREE AND AN INTENT, WHETHER REASONABLE OR NOT, THAT THE UNDERLYING CRIME BE COMMITTED. MERE PRESENCE AT THE SCENE OF A CRIME IS NOT ALONE ENOUGH, BUT YOU MAY CONSIDER IT AMONG OTHER FACTORS. INTENT MAY BE INFERRED FROM THE SURROUNDING CIRCUMSTANCES.

PROOF THAT DEFENDANT WILLFULLY JOINED IN THE AGREEMENT MUST BE BASED UPON EVIDENCE OF HIS OWN WORDS AND/OR ACTIONS. YOU NEED NOT FIND THAT DEFENDANT AGREED SPECIFICALLY TO OR KNEW ABOUT.

ALL THE DETAILS OF THE CRIME, OR KNEW EVERY OTHER CO-CONSPIRATOR OR THAT HE PARTICIPATED IN EACH ACT OF THE AGREEMENT OR PLAYED A MAJOR ROLE, BUT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT HE KNEW THE ESSENTIAL FEATURES AND GENERAL AIMS OF THE VENTURE. EVEN IF DEFENDANT WAS NOT PART OF THE AGREEMENT AT THE VERY START, HE CAN BE FOUND GUILTY OF CONSPIRACY IF THE GOVERNMENT PROVES THAT HE WILLFULLY JOINED THE AGREEMENT LATER. ON THE OTHER HAND, A PERSON WH O HAS NO KNOWLEDGE OF A CONSPIRACY, BUT SIMPLY HAPPENS TO ACT IN A WAY THAT FURTHERS SOME OBJECT OR PURPOSE OF THE CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.

THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CONSPIRACY SUCCEEDED OR WAS ACHIEVED. THE CRIME OF CONSPIRACY IS COMPLETE UPON THE AGREEMENT TO COMMIT THE UNDERLYING CRIME.

**14. LIABILITY OF CO-CONSPIRATORS FOR SUBSTANTIVE OFFENSE**

THERE IS ANOTHER METHOD BY WHICH YOU MAY EVALUATE WHETHER TO FIND DEFENDANT GUILTY OF SUBSTANTIVE CHARGE IN THE INDICTMENT.

IF, IN LIGHT OF MY INSTRUCTIONS, YOU FIND BEYOND A REASONABLE DOUBT THAT A DEFENDANT WAS GUILTY ON THE CONSPIRACY COUNT (COUNT I), THEN YOU MAY ALSO, BUT YOU ARE NOT REQUIRED TO, FIND HIM GUILTY OF THE SUBSTANTIVE CRIME CHARGED IN COUNT II, PROVIDED YOU FIND BEYOND A REASONABLE DOUBT EACH OF THE FOLLOWING ELEMENTS.

FIRST, THAT SOMEONE COMMITTED THE SUBSTANTIVE CRIME CHARGED IN COUNT II;

SECOND, THAT THE PERSON YOU FIND ACTUALLY COMMITTED THE SUBSTANTIVE CRIME WAS A MEMBER OF THE CONSPIRACY OF WHICH YOU FOUND DEFENDANT WAS A MEMBER;

THIRD, THAT THIS CO-CONSPIRATOR OR CO-CONSPIRATOR COMMITTED THE SUBSTANTIVE CRIME IN FURTHERANCE OF THE CONSPIRACY;

FOURTH, THAT DEFENDANT WAS A MEMBER OF THIS CONSPIRACY AT THE TIME THE SUBSTANTIVE CRIME WAS COMMITTED AND HAD NOT WITHDRAWN FROM IT; AND

FIFTH, THAT DEFENDANT COULD REASONABLY HAVE FORESEEN THAT ONE OR MORE OF HIS CO-CONSPIRATORS MIGHT COMMIT THE SUBSTANTIVE CRIME.

IF YOU FIND ALL FIVE OF THESE ELEMENTS TO EXIST BEYOND A REASONABLE DOUBT, THEN YOU MAY FIND A DEFENDANT GUILTY OF THE SUBSTANTIVE CRIME CHARGED, EVEN THOUGH HE DID NOT PERSONALLY PARTICIPATE IN THE ACTS CONSTITUTING THE CRIME OR DID NOT HAVE ACTUAL KNOWLEDGE OF THEM.

IF, HOWEVER, YOU ARE NOT SATISFIED AS TO THE EXISTENCE OF ANY ONE OF THESE FIVE ELEMENTS, THEN YOU MAY NOT FIND DEFENDANT GUILTY OF THE PARTICULAR SUBSTANTIVE CRIME UNLESS THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT DEFENDANT PERSONALLY COMMITTED THAT SUBSTANTIVE CRIME, OR AIDED AND ABETTED ITS COMMISSION.