**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS.** | : | **CR NO. 05-134 T** |
| | : | |
| **THINH CAO** | : | **November 15, 2006** |

## SENTENCING MEMORANDUM

The defendant objects to the new sentencing calculations on two grounds. First the career offender guideline, 4B1.1, requires that the defendant have "at least two prior felony convictions of either a crime of violence or a controlled substance offense" United States v. Estevez, 419 F.3d 77 (1st Cir. 2005), and requires that these sentences were imposed within fifteen years of the defendant's commencement of the instant offense. U.S.S.G. 4 A1.2 (e).

The defendant was sentenced in Middlesex Superior Court to terms of 8-10 years and 16-22 years in 1991. He was also sentenced in Middlesex County NJ to a term of 3-9 years in 1987, but was determined to be a parole violator after his 1991 Massachusetts conviction. He was released on this parole violation on September 17, 2003.

U.S.S.G. 4A1.2 (e) requires the court to "count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any of such fifteen year period". This language is directed to U.S.S.G. 4A1.1 (a) but does not extend the reach of 4A1.2 (e), as if it were another "prior sentence." To reach that conclusion, the court would need to construe the words, "also count any prior sentence of imprisonment exceeding one year and one

month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen year period," as mere surplusage. Said another way -- if the court were to interpret the language from the second sentence of 4A1.2 (e) (1) as having the meaning that the government suggests, the language would have been unnecessary because the first sentence would have covered the point.

Moreover, had congress or the sentencing commission intended that the language from 4A1.2 (a) cover extensions for parole violations it could have easily said so. The well established approach to statutory construction begins with the actual language of the provision. Landreth Timber Co. v. Landreth, 471 US 681 (1985); United States v. Pedro Rivera, 131 F.3d 222 (1st Cir. 1997). When the plain meaning is clear on its face the sole function of the court is to enforce it according to its terms. Cominetti v. United States, 242 US 470 (1917); United States v. Bohai Trading Co., 45 F.3d 577 (1st Cir. 1995).

In United States v. Ortiz-Torres, 449 F.3d 61 (1st Cir. 2006) the defendant argued that his two prior offenses were relevant conduct in the instant conspiracy and should therefore not be counted in his criminal history. The defendant had been convicted in 1993 and 1994 and sentenced for both offenses in 1995. The Court of Appeals adopted the recommendation of the pre-sentence report that the two prior convictions should be calculated as criminal history points. Although the decision does not discuss the use of these two convictions for career offender purposes, it does hold that under U.S.S.G. 4A 1.1 (a) the two prior convictions are criminal history data.

The significant difference in treating a violation decision as an element of a career offender calculation rather than as a criminal history matter, is summarized in United States v. Work, 409 F.3 484 (1st Cir. 2005) where the court said:

> The law is clear that once the original sentence has been imposed in a criminal case, further proceedings with respect to the sentence are not subject to Sixth Amendment protections. See Morrissey v. Brewer, 408 U.S. 471 (1972); Gagnon v. Scarpelli, 411 U.S. 778 (1973); See also Johnson v. United States, 529 U.S. 694 (2000).

And because a violation is not subject to the scrutiny of the Sixth Amendments' protections it cannot constitutionally be used to deprive a defendant of the liberty interest that a career offender sentence implicates. Moreover, U.S.S.G. 4A1.2 (a) (1) defines a prior sentence as one "imposed upon an adjudication of guilt, whether by guilty plea, trial or plea of nolo contendre, for conduct not part of the instant offence.'" United States v. Frazer, 388 F.3d 371 (1st Cir. 2004). Any prior sentence as discussed in 4A1.2 (e) (1) would need to be on followed by an "adjudication of guilt, whether by guilty plea, trial or plea of nolo contendre" and not one satisfied by a finding of "reasonable satisfaction," or a finding by "the preponderance of evidence."

In United States v. Duclos, 382 F.2d 62 (1st Cir. 2004) the defendant was indicted on fraud related charges. He was thereafter sentenced to serve a term of imprisonment of fourteen months. Upon release Duclos began to serve a term of supervised release of three years. He violated the supervised release and was ordered to serve a term of thirteen months. He was released on this sentence two weeks before oral argument on his appeal. At oral argument he argued that his appeal was not moot because the revocation of his supervised release had collateral consequences.

Duclos argued that the revocation would lead to the enhancement of future sentences under the United State Sentencing Guidelines. The First Circuit rejected that argument and said:

> To be sure, under the guidelines, Duclos could receive an enhancement to his sentence if he were to be convicted of another crime. See e.g. U.S.S.G. 4A1.1 (e) (adding points if the defendant committed the instant offense less that two years after release from sentence of imprisonment exceeding sixty days) United States v. Meyers 200 F.3d 715 (10th Cir. 2000).

The holding of Duclos and the example it cited supports the argument that the revocation adds criminal history points and does not extend the life of the prior sentence.

The defendants second objection relates to the reasonableness of the sentence proposed by the government.

All sentences imposed after United States v. Booker, 543 US 220 (2005) must conform to the reasonableness test established by Booker. Procedurally, under the advisory guidelines, the sentencing court is to begin by calculating the applicable guideline range and then determine whether other factors warrant an ultimate sentence above or below the guideline range. United States v. Zapete-Garcia, F.3d (1st Cir. 2006) (No. 05-1352); United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006) (en banc). In this effort the court must consider factors identified by the parties and it is also bound to consider the several sentencing factors set out in 18 U.S.C. 3553 (a). United States v. Alli, F.3d (1st Cir. 2006) WL893620. These factors include:

a) the nature and circumstances of the offense and the history and characteristics of the defendant

b) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training or medical care

c) the kinds of sentences available

d) the kinds of sentence and the sentencing ranges established by the Guidelines.

e) Any pertinent policy statements

f) The need to avoid unwarranted sentence disparities' among defendants with similar records who have been found guilty of similar conduct, and

g) The need to provide restitution to any victims of the offense.

In Zapete-Garcia, the Circuit emphasized the need for the sentencing court to consider the section 3553 (a) factors, and highlighted the importance of particularizing the sentence chosen.

The defendants role in this case was no more than that of a bystander; it was not that of an active participant. A sentence like the one proposed by the government would be disparate and is far more than is needed to effect deterrence and to protect the public. Reasonableness, as defined by Booker, is a condition which must color every sentence. And it matters not whether the reasonableness quotient takes the case out of the guidelines. United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006) because the guidelines are still generalizations that can point to outcomes that may appear unreasonable, to a sentencing judge. id The court, thus has a new found discretion to impose a non guideline sentence. id; United States v. Robinson, 433 F.3d 31 (1st Cir. 2005).

Finally, the defendant is entitled to a downward departure under 4A1.3 (b) because the defendants criminal history category over represents the seriousness of the defendants criminal history and the likelihood that the defendant will commit other crimes.

Koon v. United States, 518 US 81 (1996) held that if a factor is not expressly forbidden it may, at least in an exceptional case serve as a basis for a departure. The only departure factors entirely forbidden by the guidelines are race, sex, national origin, creed, religion and social and economic status. United States v. Alina Perez, 160 F.3d 87 (1st Cir. 199); United States v. Rivera, 994 F.2d 942 (1st Cir 1993); United States v. Sklar, 920 F.2d 107 (1st Cir. 1990).

These cases all recognize the wisdom and even the necessity of sentencing procedures that take into account individual circumstances. Koon, pg. 92. In doing so, courts are authorized to depart in cases that feature aggravating or mitigating circumstances of a kind or degree not adequately taken into account by the Sentencing Commission.

In general sentencing courts are to regard each guideline as carving out a heartland, a set of typical cases embodying the conduct each guideline describes. United States v. Grandmaison, supra; Guideline manual Ch. 1, Pt. A Introduction Comment 4 (b); United States v. Jackson, 30 F.3d 199 (1st Cir. 1994)). Departures, therefore, are to be the exception rather than the rule. Jackson, at 201; United States v. De Costa, 37 F.3d 5 (1st Cir. 1994). The court, however, has the power to depart downwardly in unusual cases where circumstances are out of the ordinary. United States v. Rivera-Maldonado, 194 F.3d 224 (1st Cir. 1999); see also United States v. Gaskill, 991 F.2d 82 (3d Cir. 1993); United States v. Johnson, 964 F.2d 124 (2d Cir. 1992); United States v. Alba, 933 F.2d 1117 (2nd Cir. 1991); United States v. Pena, 930 F.2d 1486 (10th Cir. 1991).

In United States v. Lindia, 84 F.3d 1154 (1st Cir. 1996) the court was asked to decide whether a career offender was entitled to a downward departure based on overrepresentation in his criminal history.

The court answered by pointing out that the Career Offender guideline was the Sentencing Commissions' implementation of 21 U.S.C. 994 (h). United States v. Labonte, 70 F.3d 1396 (1st Cir. 1995). The guideline establishes a set of presumptive sentencing ranges and establishes category vi as the criminal history.

The sentencing Reform Act does permit a sentencing court to depart from a guideline presumptive sentencing range when it finds that there exists an aggravating or mitigating circumstance of a kind or to a degree, not adequately taken into account by the Sentencing Commission in formulating the guidelines. Williams v. United States, 503 US 193 (1992); United States v. Rivera, 994 Fed. 942 (1st Cir. 1993).

The sentence which the court ultimately fashions must be sufficient but not greater than necessary for achieving the legitimate objectives of sentencing. United States v. Dixon 449 F.3d 194 (1st Cir. 2006); United States v. Jimenez-Beltre, 440 F.3d at 518-519.

The recommendation by the government calls for a rigid application of the non-binding guidelines, gives no consideration to parity in sentencing, and does not take into account the directives of 3553.

Respectfully submitted,
Thinh Cao,
By his Attorney,

/s/ *JOHN F. CICILLINE*
John F. Cicilline, Esq. #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
jfcicilline387@aol.com

**CERTIFICATION**

I hereby certify that on November 15, 2006 a true copy of the above document was served upon all attorneys of record by ECF filing.

/s/ *JOHN F. CICILLINE*