IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-134T |
| | ) | |
| THINH CAO | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant objects to the Probation Department's determination that he is a career offender; argues that a sentence within that range would be unreasonable; and that the court should grant a downward departure based on the argument that his criminal history category overrepresents the seriousness of defendant's criminal history and the likelihood that defendant will commit other crimes. The government disagrees.

A. Law

USSG 4B1.1 defines a career offender as one who is at least 18 years old when he committed the instant offense which must be a crime of violence or a drug trafficking offense and that he had at least two prior convictions for either a crime of violence or drug trafficking offense. These sentences must be more than 13 months incarceration and be within 15 years of defendant's commission of the instant offense. USSG 4A1.2(e). The same section requires the court to use any prior sentence exceeding 13 months which resulted in incarceration within the 15 year period. Finally, if defendant's parole is revoked; the date of

defendant's last release from incarceration is used. USSG 4A1.2(k).

B. Career Offender

The issue here is simply whether the fact that defendant's revocation of parole in 2002 on his 1987 conviction in Middlesex County, New Jersey, for armed robbery extended the fifteen year time period for career offender inclusion until September 17, 2003. USSG 4A1.2(k) and the case law says it does.

The government has not found First Circuit law directly on point. In United States v. Duclos, 382 F.3d 62 (1st Cir. 2004), cited by defendant, however, the court of appeals, citing a Tenth Circuit decision, noted that the revocation of a defendant's supervised release status lengthened the amount of time in which he would be subject to a potential additional guideline penalty. Duclos 382 F.3d at 67.

In a case directly on point, the Eleventh Circuit recently upheld a career offender determination for a defendant who committed 2 prior offenses outside the fifteen year period but who violated his probation on both and received a sentence of more than 13 months within that period. United States v. Shannon, 449 F.3d 1146 (11th Cir. 2006). In Shannon, the defendant committed an offense in 1986 and received probation. He was violated in 1991 and sentenced to 18 months. He committed a second offense in 1988 and received probation. Six months

later he was violated and sentenced to 20 months incarceration. He committed his third offense in 2004 and was found to be a career offender. Shannon, 449 F.3d at 1147.

Like Thinh Cao, Shannon appealed his Career Offender designation. The Court noted that under 4A1.2(e)(1), a prior conviction is counted when any prior sentence of imprisonment exceeding 13 months resulted in defendant being incarcerated during any part of the fifteen year period. Shannon, 449 F.3d 1148. The count held that since Shannon had been incarcerated within the fifteen year period for probation violations, he was a career offender even though his original convictions were outside the fifteen year period. Id. In the instant case, Thinh Cao was released in September, 2003, after serving more than 13 months, for parole violation for his 1987 robbery conviction and thus this conviction counts for career offender.

C. & D. Reasonableness and Motion for Downward Departure

The government will briefly respond to both of these arguments. Initially, the government would note that defendant is extremely fortunate that the fact of his 1987 New Jersey conviction was unknown to the government prior to trial. If it had been known, defendant would be facing a mandatory life sentence under 18 U.S.C. § 3559.

The range under the Sentencing Guidelines for Career Offenders is appropriate in this case. Defendant was convicted

in 1986 for a drug trafficking offense. This conviction was not even counted against defendant. In 1987 he was convicted for armed robbery with a gun. Less than a year after his release on that charge, he again, with a firearm, assaulted and robbed three individuals and beat two of them. He then committed the instant offense less than two years after his release on the parole violation on his New Jersey robbery. The government submits that a sentence at the high end of the guideline range is appropriate in this case.

For the above listed reasons, the government submits that the Presentence Report accurately describes defendant's status as a Career Offender and his motion for both a downward departure and a sentence below the guideline range should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov

CERTIFICATION OF SERVICE

On this 16th day of November 2006, I caused the Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

Notification by first class mail, postage prepaid:

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov