**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS.** | : | **CR NO. 05-134 T** |
| | : | |
| **THINH CAO** | : | **November 16, 2006** |

**DEFENDANT"S SUPPLEMENTAL**
**SENTENCING MEMORANDUM**

In United States v. DePina, 178 F.3d 68 (1st Cir. 1999) the court considered whether an "admission of sufficient facts" satisfied the requirements of 4A1.2(a)(1) for an "adjudication of guilty" or a plea of guilty or nolo. In deciding the question the court noted that federal and not state law determines what constitutes a conviction for the purpose of U.S.S.G. 4A1.2(c)(2), United v. Cuevas, 75 F.3d 778 (1st Cir. 1996), and that the District Court must look at the substance of the underlying state offense to determine whether it is a status offense or instead should be counted in computing criminal history. United States v. Unger, 915 F.3d 759 (1st Cir. 1990). On this issue the court observed that the applicability of U.S.S.G. 4A1.2(a)(1) is fact driven and "will depend on what process was actually followed" in the prior court action, in order to determine whether the probation violation is "tantamount" to a guilty or nolo plea. And further if it is found that they are not, then in those circumstances, the violation may not be considered in the 4A1.2(e) computation. In United States v. Cadavid, 192 F.3d 230 (1st Cir. 1999) the Court discussed whether a judgment of "adjudication withheld" constituted a predicate conviction under the guidelines and relied on its earlier decision in United States v. Pierce, 60 F.3d 886 (1st Cir. 1995) to conclude that it was. See also United States v.

Morillo, 8 F.3d 864 (1st Cir. 1993). Cadavid, also repeated the admonition that U.S.S.G. 4A1.2(c) counts as a sentence, dispositions in which the defendant pled nolo contendere as a predicate conviction for the purpose of the career offender guideline. But that court never equated a probation violation with a conviction by jury verdict or plea.

The commentary to U.S.S.G. 4A1.2 interprets the guideline to mean that the violation sentence and the original sentence should be added together and then should be counted, as if it were one sentence. id 11. This would mean that the 15 months which the defendant served on the violation, would be added to the 3-9 year sentence he received in 1987. Even if one were to count the violation in this way it would take the defendant beyond the fifteen year grace period in U.S.S.G. 4A1.2(e).

Respectfully submitted,
Thinh Cao,
By his Attorney,

/s/ *JOHN F. CICILLINE*
John F. Cicilline, Esq. #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
jfcicilline387@aol.com

**CERTIFICATION**

I hereby certify that on November 16, 2006 a true copy of the above document was served upon all attorneys of record by ECF filing.

/s/ *JOHN F. CICILLINE*