IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 05-134T |
| | : | |
| THINH CAO | : | |

GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

______The government provides this memorandum to the Court in an attempt to assist the Court with respect to two guidelines arguments raised by counsel for Defendant Thinh Cao regarding the conviction noted at PSR ¶23. Those arguments are:

1. A sentence imposed as a result of a revocation of probation or parole is not a sentence because said sentence does not result from a guilty verdict or a plea of guilty or nolo contendere.

2. Even assuming that a revocation of probation or parole is a sentence, when the revocation sentence is added to the original sentence of imprisonment, the total sentence still falls outside of the fifteen-year limitation for countable convictions.

The Conviction

Paragraph 23 of the PSR notes convictions for armed robbery, theft by extortion, and terroristic threats. On March 16, 1987, upon a finding of guilty in New Jersey, Cao received a sentence of imprisonment of three to nine years. Cao was paroled to immigration authorities on May 21, 1990. Cao was thereafter charged and convicted of armed robbery in Massachusetts. He was sentenced on November 21, 1991 to a term of imprisonment of sixteen to twenty-two

years. PSR ¶25. Cao was released on August 31, 2002. He was returned to New Jersey and declared a parole violator. He received a term of imprisonment effective on August 31, 2002, and he was released from custody on September 17, 2003.

The Guidelines and Case Law

Under the Sentencing Guidelines criminal history calculations, the Probation Officer has determined that Defendant Cao is a career offender. U.S.S.G. §4B1.1. Among the elements for career offender status, a defendant must have at least two predicate convictions for crimes of violence or controlled substances offenses, and they must be countable convictions under U.S.S.G. §4A1.1(a), (b), or (c). U.S.S.G. §4B1.2(c).[1]

A defendant receives three criminal history points for each prior sentence of imprisonment exceeding one year and one month. U.S.S.G. §4A1.1(a). The guidelines direct that any "prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period."[2] U.S.S.G. §4A1.2(e)(1).

The guidelines state that revocation of probation or parole "may affect the time period under which certain sentences are counted as provided in §4A1.2(d)(2) and (e)." U.S.S.G.

---

[1] Cao does not dispute that he was over 18 years of age at the time he committed the instant offense, that the instant offense is a felony crime of violence, or that the robbery conviction noted at PSR ¶25 is a predicate felony crime of violence. The only element in dispute is a second predicate felony crime of violence.

[2] For purposes of this memorandum, the government assumes Cao commenced the instant offense on July 25, 2005.

§4A1.2(k)(2)(B). That subsection further states "For the purposes of determining the applicable time period, use the following: (i) in the case of an adult term of imprisonment totaling more than one year and one month, the date of last release from incarceration on such sentence (see §4A1.2(a)(1) . . ." Id.; United States v. Latimer, 991 F.2d 1509, 1511 (9th Cir. 1993) (where defendant's prison sentence is reinstated after revocation of parole, the original sentence is counted only if the date of last release from incarceration on the revoked sentence falls within the fifteen-year period of time).

The guidelines further direct that the original term of imprisonment be added to any term of imprisonment imposed upon revocation, with the resulting total used to compute the number of applicable criminal history points. U.S.S.G. §4A1.2(k)(1); United States v. Galvan, 453 F.3d 738, 740 (6th Cir. 2006) (to calculate criminal history points, add the original term of imprisonment to any term of imprisonment imposed upon revocation). By this method, the guidelines ensure that no more than three criminal history points are assigned to any single conviction. U.S.S.G. §4A1.2 comment. n.11.

Further, the various circuits have clearly held that the original term of imprisonment and the term of imprisonment imposed upon a revocation of probation or parole are considered a single sentence. United States v. Hidalgo-Macias, 300 F.3d 281, 285 (2nd Cir. 2002) ("[I]mposition of a sentence of imprisonment following revocation of probation is a modification of the original sentence, and must be considered part of the 'actual sentence imposed' for the original offense."); United States v. Romary, 246 F.3d 339, 343 (4th Cir. 2001) (post-conviction penalties are attributed to the original conviction); United States v. Latimer, 991 F.2d at 1515 (the combined sentence of the original term and the revoked term counts as a single sentence).

In light of the above, Cao's arguments should be rejected. Cao's revocation sentence of one year and 18 days noted at PSR ¶23 is not a "stand-alone" sentence. It is considered part of a single sentence and relates back to Cao's original sentence imposed on May 16, 1987 for purposes of determining the number of criminal history points assigned to the conviction. Adding the two terms together - the three years, three months and 5 days of the original term and the one year and 18 days of the revocation term, the total sentence more than exceeds a sentence of one year and one month imprisonment needed to qualify for three criminal history points. There is no requirement that the revocation sentence be imposed pursuant to a finding of guilty, a plea of guilty, or a plea of nolo contendere. The imposition of the original sentence on May 16, 1987 did, in fact, result from a finding of guilty. No more is needed to consider the revocation sentence.

Further, the offense is countable because the date of last release on incarceration of the revocation sentence was September 17, 2003. This falls well-within the fifteen-year period dating back from July 25, 2005 needed to include the conviction as a countable conviction.[3]

[3] Even if the Court considered Cao's argument, which the government contends has no support in the guidelines, that adding the original term and the revoked term together still brings the sentence outside the fifteen-year period, he is wrong. Cao was paroled on May 21, 1990. Adding to that date the revocation term of one year and eighteen days results in a date of on or about June 8, 1991. This date is well within the fifteen year range.

Cao's two countable, qualifying convictions make him a career offender.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

Robert Clark Corrente
United States Attorney

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U. S. Attorney
RI Bar #1700
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5039
401-709-5001 (fax)
james.leavey@usdoj.gov

CERTIFICATION OF SERVICE

On this 24th day of November, 2006, I caused the Government's Supplemental Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

Notification by first class mail, postage prepaid:

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903
FAX 752-7399

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov