UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

    v.                                                      CR. No. 05-134-4-ML

THINH CAO

**MEMORANDUM AND ORDER**

MARY M. LISI, Chief District Judge.

Pending before the Court is Thinh Cao's ("Cao") Motion for Relief from Judgment.(Docket # 261). Cao, who is proceeding *pro se*, asserts this motion under Fed. R. Civ. P 60(b)(3),[1] together with a so-called "Hazel-Atlas" motion[2]. Cao states that he is actually innocent and that a fraud was perpetuated on the Court by the government, resulting in Cao's conviction. For the reasons that follow, Cao's motion is DENIED.

**I.  Background and Travel**

The underlying facts leading to Cao's conviction and sentencing

---

[1] Rule 60(b)(3) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ... fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

[2] Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), *overruled on other grounds*, Standard Oil Co. of California v. United States, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976).

have been set forth in detail in the opinion of the First Circuit Court of Appeals, in which it denied Cao's appeal of his conviction and sentence; therefore, a short summary will suffice. See United States v. Van Anh, 523 F.3d 43 (1st Cir. 2008) *cert. denied*, 555 U.S. 904, 129 S.Ct. 234, 172 L.Ed.2d 179 (2008).

On May 5, 2005, a jury convicted Cao, together with two co-defendants, of conspiracy to participate in the use of extortion to collect non-repayment of extension of credit under 18 U.S.C. § 894, and threatening the use of violence in order to collect an extension of credit under 18 U.S.C. § 894 and 18 U.S.C. § 2. Cao, who met all the requirements of the career offender provision in the United States Sentencing Guidelines, was sentenced to a term of 150 months with three years of supervised release.

Cao appealed his conviction and sentence, both of which were affirmed by the First Circuit on April 11, 2008. United States v. Van Anh, 523 F.3d at 61. On February 11, 2009, following the denial of his appeal, Cao filed a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure (Docket # 214). On October 5, 2009, while his motion for a new trial was still pending, Cao filed a motion to vacate his conviction under 28 U.S.C. § 2255 (Docket # 224), together with a motion to stay that motion (Docket # 225) until his motion for a new trial had been decided. On December 3, 2010, Cao's motion for a new trial was denied (Docket # 229), prompting Cao to file a motion for re-consideration of that

denial (Docket # 231), which was subsequently denied as well. (Docket # 237).

On September 12, 2011, this Court denied Cao's § 2255 motion and determined that the case was not appropriate for the issuance of a certificate of appealability. (Docket # 244). Cao appealed. (Docket # 245). On March 19, 2012, the First Circuit Court of Appeals denied Cao's request for a certificate of appealability, finding that Cao had failed to make a substantial showing of the denial of a constitutional right, and it terminated Cao's appeal. (Docket # 259).

On October 10, 2012, Cao filed the motion now pending before this Court (Docket # 261). The government has filed an objection (Docket # 262), to which Cao has filed a reply. (Docket # 263).

**II. Discussion**

(A) Relief under Section 2255

In his original § 2255 motion, Cao generally asserted that (1) he was innocent of the offenses of which he was convicted; (2) his trial counsel was ineffective because he failed to present exculpatory information; and (3) his appellate counsel was ineffective because he failed to raise an insufficient evidence claim and to challenge Cao's sentence on direct appeal. In the instant Rule 60(b) motion, Cao again maintains that he is innocent. He also argues that his trial counsel was ineffective because he stipulated to certain evidence and that his appellate counsel was

3

ineffective because he failed to raise a sufficiency of the evidence argument on appeal.

In response, the government asserts that (1) because Cao's claims relate to the constitutionality of his conviction, not the adjudication of his prior § 2255 motion, Rule 60(b) is procedurally improper; (2) Cao's filing is a successive § 2255 motion; and (3) if Cao's filing is not found to be a successive § 2255 motion, it is time barred under Fed. R. Civ. P. 60(c)[3].

The claims raised in Cao's Rule 60(b) motion clearly challenge the constitutionality and/or substance of his sentence rather than any irregularity in the disposition of his previous § 2255 motion. Therefore, his motion constitutes a second or successive motion to vacate under 28 U.S.C. § 2255(h)[4]. See Munoz v. United States, 331 F.3d 151, 152-53 (1st Cir.2003), *cert. denied*, 540 U.S. 1025, 124

---

[3] Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

[4] 28 U.S.C. § 2255(h) provides:
(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

S.Ct. 587, 157 L.Ed.2d 446 (2003) (re-affirming that a rule 60(b) motion seeking relief from a judgment previously entered in § 2255 case "should be treated as a second or successive habeas petition if ... the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction" rather than [to] any procedural irregularity in the § 2255 proceeding)(quoting Rodwell v. Pepe, 324 F.3d 66,70 (1st Cir. 2003).

Because Cao has not received permission from the First Circuit Court of Appeals to file a second § 2255 motion, this Court is without jurisdiction to hear Cao's most recent motion. See Munoz, 331 F.3d at 153.

(B) Hazel-Atlas

In the second part of his motion, styled as an "independent action," Cao asserts that conduct by the prosecution, witnesses at the trial, and both his counsel constituted a "fraud perpetrated on the court." Cao Mot. at 1. In response, the government argues that Cao's allegations are entirely unsupported by facts.

Fraud upon the Court has been characterized "'as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense.'" Herring v. United States, 424 F.3d 384, 387 n.1 (3d Cir.2005)(quoting In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180,

5

195 (8th Cir. 1976)). The Supreme Court has held that where there is a fraud upon the Court, the Court of Appeals has both the duty and the power to vacate its own judgment, even though the request for relief is untimely. Hazel-Atlas, 322 U.S. at 249–250. However, the Court distinguished between a judgment resulting from fraud perpetrated by officers of the Court and a judgment procured by a witness who committed perjury. The Court further noted that the power to vacate should be exercised only where injustices were "sufficiently gross" and "enforcement of the judgment [was] manifestly unconscionable." Id. at 244–245. An independent action is available only to prevent "a grave miscarriage of justice." United States v. Beggarly, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 232 (1998).

To constitute fraud upon the court, there must be "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court."; Herring v. United States, 424 F.3d at 386 –387. "The cases in which it has been found that there was, or might have been, a 'fraud upon the court,' for the most part, have been cases in which there was 'the most egregious conduct involving a corruption of the judicial process itself.'" Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 133 (1st Cir.2005) (quoting Wright, Miller & Kane, Federal Practice and Procedure, § 2870, at 418). A party alleging fraud on the court must support such assertion by clear and convincing

6

evidence. <u>Aoude v. Mobil Oil Corp.</u>, 892 F.2d 1115, 1118 (1st Cir.1989).

In his motion, Cao contends primarily that the government "knowingly and intentionally introduce[d] false, fabricated and perjured testimony" by its key witnesses. Cao Mem. at 7, 9. He further alleges that his trial counsel committed fraud upon the trial court by stipulating to the admission of certain cell phone records, <u>id.</u> at 15, and that his appellate counsel was guilty of the same misconduct by submitting a brief that did not fully present the facts and failed to raise certain issues. <u>Id.</u> at 18-19.

None of the facts asserted by Cao in his motion provide support for his contention that "an officer of the court" perpetrated a fraud upon the court. Cao's unsubstantiated allegations that witnesses testifying against him perjured themselves are a far cry from proving that the prosecutor or various law enforcement agents knew that the witnesses were untruthful or that they instructed those witnesses to lie. Cao's allegations with respect to the alleged misconduct of both his trial counsel and his appellate counsel likewise fail to establish the foundation for a "fraud upon the court" claim.

**Conclusion**

Because Cao has neither sought nor received permission from the First Circuit Court of Appeals to submit a second or successive § 2255 motion, and because he has not met his burden to support a

7

claim of fraud upon the court, Cao's motion for relief from judgment is DENIED and DISMISSED.

## Ruling on Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Cao has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Cao is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See 2255 Rule 11(a).

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi

Chief United States District Judge

March 18, 2013